```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION

TRACEY WAYNE PARKER,            §
                                §
         Petitioner,            §
                                §
v.                              §       No. 4:14-CV-1050-Y
                                §
WILLIAM STEPHENS, Director,     §
Texas Department of Criminal    §
Justice, Correctional           §
Institutions Division,          §
                                §
         Respondent.            §
```

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Tracey Wayne Parker, a state prisoner, against William Stephens, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent.

After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

I.  Factual and Procedural History

On January 11, 1996, in the 297th Judicial District Court, Tarrant County, Texas, a jury found Petitioner guilty of two counts of aggravated robbery with a deadly weapon and, on January 12, 1996, assessed his punishment at 55 years' confinement and a $10,000 fine on each count. (Adm. R., SH1-WR-46,687-01 at 41, ECF No. 12-23.)  Petitioner appealed his convictions, but the Second

Court of Appeals of Texas affirmed the trial court's judgment and, on September 14, 2011, the Texas Court of Criminal Appeals refused his petition for discretionary review. (*Id.*) TEX. JUDICIAL BRANCH, http:/txcourts.gov. Petitioner filed, on June 23, 2000,[1] his first postconviction state-habeas application challenging his convictions, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court on September 13, 2000. (Adm. R., Cover & 2, SH1-Writ WR-46,687-01, ECF No. 12-23.) On April 1, 2009, and September 30, 2013, Petitioner filed his second and third state habeas applications, which were both dismissed by the Texas Court of Criminal Appeals as successive petitions. (*Id.,* Cover & 2, SH1-Writ-WR-46,687-02 and -03, ECF Nos. 12-25 & 12-29.) Petitioner in April 2010 also filed in state court a motion for DNA testing pursuant to chapter 64 of the Texas Code of Criminal Procedure, which was denied. (Resp't's Answer 6 n.1, ECF No. 13.) *Parker v. State,* No. 02-12-624-CR, 2014 WL 173483 (Tex. App.–Fort Worth Jan. 16, 2014). This federal petition challenging his convictions was filed on December 29, 2014.[2]

---

[1] A prisoner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's state applications do not provide the date he placed the documents in the prison mailing system, therefore the rule is not applied.

[2] A federal habeas petition filed by a prisoner is deemed filed when the petition is placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner's petition does not provide the date he placed the document in the prison mailing system, therefore the rule is not applied.

The state court of appeals provided the following factual background of the case:

> While Juan and Cathy Huerta were watching a football game with their friends at their house, appellant Tracey Wayne Parker, Kelvin Williams, and two other men [Tracey Wayne Parker's brother, Jerry Parker, and Theodis Phifer] broke in, beat the Huertas, and robbed them. Williams testified at trial that they planned the robbery in search of drugs and money. He also stated that Parker had been to prison before. Parker's cellmate at the Tarrant County Jail, Shelton Elmore, testified that Parker told him he had committed the robbery. Outside the presence of the jury, Ruben Villanueva, who was at the Huertas' house during the robbery, stated that he did not know of a motive for the robbery, but that it could have been because Huerta's son had made a "bad deal" on some marihuana.

(Adm. R., Op. 1, ECF No. 12-4.)

Jerry Parker's trial was held roughly six months after Petitioner's. (Pet'r's Traverse, Ex. E-1, ECF No. 19.) Because of a deadlocked jury, and to avoid a mistrial, the state and Jerry Parker entered into a plea agreement under which Jerry agreed to plead guilty to one count of aggravated robbery with a deadly weapon in exchange for a 10-year prison term for his role in the robbery. (Pet'r's Traverse, Ex. E-1, ECF No. 19.) Kelvin Williams cooperated with the police in exchange for a sentence of 10 years deferred adjudication, and Theodis Phifer pleaded guilty in exchange for a 15-year sentence. (*Id.*)

3

## II. Issues

Petitioner raises one ground for habeas relief: based on newly discovered evidence he is actually innocent of the offenses. (Pet. 6, ECF No. 1.)

## III. Statute of Limitations

As a threshold issue, Respondent alleges the petition is untimely under the federal statute of limitations. (Resp't's Answer 4-8, ECF No. 13.[3]) Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of

---

[3]Respondent's Answer is not paginated, therefore the pagination in the ECF header is used.

4

>    the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

With limited exceptions not applicable here, under subsection (A), the limitations period begins to run on the date on which the judgment of conviction becomes final by the expiration of the time for seeking direct review.  For purposes of this provision, Petitioner's convictions became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court on April 7, 1998.  Therefore, the statute of limitations began to run the following day and closed one year later on April 7, 1999, absent any tolling.  *Id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.

Petitioner's state habeas applications and his motion for DNA testing filed after limitations had already expired did not operate to toll the limitations period under § 2244(d)(2).  *Hutson v. Quarterman,* 508 F.3d 236, 236 (5th Cir. 2007); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Nor has Petitioner demonstrated that he is entitled to tolling as a matter of equity.

Equitable tolling is permitted only in rare and exceptional

circumstances when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). In *McQuiggin,* the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). *McQuiggin*, 133 S. Ct. at 1932-33. Under *Schlup*'s exacting standard, the gateway should open only when a petition presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup,* 513 U.S. at 316. A habeas petitioner who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Id.* at 326-27. *See also House v. Bell,* 547 U.S. 518, 539-54 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*).

6

Petitioner asserts that his newly-discovered evidence became available after his brother's trial and consists of the following:

(1) Eye-witness-account testimony from the victim/witness Roland Villanueva that he saw Jerry Parker's face and saw him using Petitioner's shotgun;

(2) Jerry Parker's December 16, 2012 affidavit stating that Petitioner did not participate in the robbery and that Petitioner and his girlfriend were out of town in Louisiana at the time of the offense (Pet'r's Traverse 17, ECF No. 19)[4];

(3) Jerry Parker's 1996 jury-trial records consisting of the records of his court-appointed attorney's pre-trial investigation (*Id.*, Exs. D1–D5, at 32-35);

(4) The motion to appoint an investigator in Jerry Parker's case (*Id.*, Exs. A1–A2, at 21-22);

(5) The state's first and second motions for continuance to locate the victim/witness Roland Villanueva in Jerry Parker's case (*Id.*, Exs. A3-A4, at 23-26);

(6) Jerry Parker's jury notes (*Id.*, Exs. C1-C4, at 28-31);

(7) A newspaper clipping regarding the outcome of Jerry Parker's jury trial (*Id.*, Ex. E-1, at 36); and

(8) Mugshots of Petitioner and a purported affidavit by Petitioner's co-defendant, Theodis Phifer, stating that Petitioner was not involved in the robbery and that he was coerced by an Arlington police detective into naming Petitioner as one of the robbers (Adm. R., SH6-WR-46,687003, Misc Doc., ECF No. 12-28).[5]

---

[4] Petitioner submitted a similar signed statement by Jerry Parker confessing to the crime and exculpating Petitioner in his first state-habeas application filed in June 2000. (Adm. R., SH1-WR-46,687-01 at 24-30, ECF No. 12-23.)

[5] This document presented in Petitioner's third state-habeas action for the first time is neither signed by the alleged affiant nor is it notarized.

(Pet'r's Traverse 6-7, ECF No. 19.[6])

Having reviewed the state-court records, actual innocence is not convincingly shown by Petitioner's so-called new evidence. The timing of his petition "seriously undermines" the credibility of his actual-innocence claim as well as the credibility of his affiants. *Schlup,* 513 U.S. at 332; *McQuiggin,* 133 S. Ct. at 1936. Further, the alleged newly-discovered evidence was largely available and known to Petitioner at his trial, or at the latest, at the time of his brother's trial in June 1996. In fact, Petitioner raised a similar actual-innocence claim based on newly-discovered evidence in his first state-habeas application filed in June 2000, which was rejected by the state courts. (Adm. R., SH1-WR-46,687-01 at 2-30.) Finally, in light of the evidence as a whole, the Court cannot say that the proffered evidence is adequate to show that, had it been presented at Petitioner's trial, no reasonable juror would have convicted him as a party to the robbery.

Accordingly, Petitioner's federal petition was due on or before April 7, 1999, and his petition filed on December 29, 2014, over 15 years after limitations had expired, is untimely.

---

[6] Petitioner's traverse is not paginated, therefore the pagination in the ECF header is used.

8

IV.  Conclusion

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as time-barred.  A certificate of appealability is DENIED.

SIGNED October 21, 2015.

                                                  /s/ Terry R. Means
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE